116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco LEMUS-BARRAGAN, Defendant-Appellant.
 No. 96-50402.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-96-00155-1-JNK; Judith N. Keep, Chief Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Lemus-Barragan ("Lemus") appeals his conviction and 77-month sentence following a conditional guilty plea for being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Lemus contends that: (1) the deportation order underlying the present charge is invalid, and (2) the district court erred by failing to grant a downward departure due to overrepresentation of Lemus' criminal history category. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Deportation Proceedings
 
 
 4
 Lemus contends that: (1) during his 1994 and 1995 deportation proceedings, he was not properly advised of his right to apply for a waiver of deportation under section 212(c), and (2) his lack of legal representation at those proceedings violated the Sixth Amendment to the United States Constitution. These contentions lack merit.
 
 
 5
 A defendant charged under section 1326 with being a deported alien found in the United States has a right to collaterally attack the validity of the underlying deportation order. See United States v. Mendoza-Lopez, 481 U.S. 828, 839 (1987). The government has the burden of proving the validity of the deportation. See United States v. Galicia-Gonzalez, 997 F.2d 602, 603 (9th Cir.1993) (per curiam). Whether a deportation order is sufficiently defective to preclude its use in a subsequent criminal proceeding is a mixed question of law and fact reviewed de novo. See United States v. Leon-Leon, 35 F.3d 1428, 1430 (9th Cir.1994).
 
 A. Section 212(c) Waiver
 
 6
 Section 212(c) authorizes the Attorney General to grant discretionary relief from deportation to lawful permanent residents who have been present in the United States for seven consecutive years. See 8 U.S.C. § 1182(c) (1995); Yepes-Prado v. INS, 10 F.3d 1363, 1365 (9th Cir.1993).[1] The immigration judge ("IJ") must inform an alien of his right to apply for section 212(c) relief if the alien appears to be eligible. See 8 C.F.R. § 242.17(a) (1995); United States v. Barraza-Leon, 575 F.2d 218, 221-22 (9th Cir.1978).
 
 
 7
 Lemus attacks not only the validity of the January 19, 1995 deportation order, which underlies the present prosecution, but the validity of a prior deportation order issued on August 9, 1994. Lemus challenges the validity of the 1994 deportation order because if he had not been deported in 1994, he could have been present continuously in the United States for a period greater than seven years at the time of his 1995 hearing, thereby satisfying one of the prerequisites for a discretionary waiver of deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).
 
 
 8
 Here, the IJ at the 1994 deportation proceeding advised Lemus that he had a right to apply for a section 212(c) waiver because he had been continuously present in the United States for more than seven years.[2] See 8 C.F.R. § 242.17(a). The IJ at the 1995 proceeding did not advise Lemus of his right to apply for a section 212(c) waiver, but he was not required to do so because Lemus no longer satisfied the seven-year residency requirement. See Barraza-Leon, 575 F.2d at 221-22.
 
 B. Right to Counsel
 
 9
 The Sixth Amendment does not establish a right to counsel in deportation proceedings. See Castro-O'Ryan v. INS, 847 F.2d 1307, 1312 (9th Cir.1988). Accordingly, Lemus' lack of legal representation at the deportation proceedings did not violate the Sixth Amendment. See id.
 
 II
 Downward Departure
 
 10
 The district court denied Lemus' motion for a downward departure based on overrepresentation of his criminal history category. The district court's discretionary decision not to depart downward is not reviewable on appeal unless the district court erroneously believed it lacked the discretion to depart. See United States v. Eyler, 67 F.3d 1386, 1390 n. 5 (9th Cir.1995).
 
 
 11
 Here, the district court judge clearly stated: "I can't make a finding that this record is overrepresentative, although I certainly have the authority to do so." Because the district court recognized its discretion to grant a downward departure, we cannot review its decision not to depart. See id.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although the literal language of section 212(c) applies only to exclusion proceedings, it has been held to apply to deportation proceedings as well. See Ortega de Robles v. INS, 58 F.3d 1355, 1358 (9th Cir.1995)
 
 
 [2]
 The IJ continued the hearing to allow Lemus to secure an attorney and apply for section 212(c) relief. When the hearing resumed, Lemus stated that he would represent himself. After the IJ refused to lower Lemus' bond, Lemus stated that he wished to be deported without applying for any relief. Lemus said he understood that if he were deported he would not get a hearing on his deportation waiver. Lemus cites no authority for the proposition that the IJ was required to take further steps to advise Lemus of his right to apply for a section 212(c) waiver